IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

NIMOY ALEJANDRO TENNISON, #1863470 §

VS. § CIVIL ACTION NO. 4:14cv704

DIRECTOR, TDCJ-CID §

**ORDER OF DISMISSAL**

The above-entitled and numbered civil action was heretofore referred to United States Magistrate Judge Christine A. Nowak, who issued a Report and Recommendation (Dkt. #15), concluding that the petition for writ of habeas corpus should be denied and dismissed with prejudice.

The Report of the Magistrate Judge, which contains proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration. Petitioner filed objections to the Report (Dkt. #25). Having conducted a *de novo* review of the objections in relation to the pleadings and the applicable law, the Court concludes that the findings and conclusions of the Magistrate Judge are correct, and adopts same as the findings and conclusions of the Court.

In his first objection, Petitioner contends the evidence was insufficient to support his conviction for robbery. Petitioner argues that the surveillance video did not show clear evidence of him striking the store manager with a closed fist. However, on direct appeal, the state court found that based on the victim's testimony, the jury was justified in finding that Petitioner's hitting the manager constituted more than an offensive touching, which was perpetrated against the victim for

the purpose of overcoming resistance to theft. *See Tennison v. State*, 2014 WL 1389544 at 3 (Tex. App. - Fort Worth 2014). Moreover, the victim's testimony satisfied the bodily injury requirement necessary to convict Petitioner of robbery, even in the absence of corroborating physical evidence or corroborating witness testimony. *Id.*

Petitioner also objects that trial counsel was ineffective because he failed to call Petitioner to testify on his own behalf and because he failed to call witness Ronnie Malone to testify. He also objects that appellate counsel was ineffective for failing to file an actual innocence claim on appeal. While Petitioner asserted claims of ineffective assistance of counsel in his § 2254 petition, he did not raise these particular claims of ineffective assistance. Instead, Petitioner first raised these issues in his objections to the Report of the Magistrate Judge. Because Respondent had filed a responsive pleading, Petitioner had no right to amend his pleadings without leave of the Court, which he did not seek. Therefore, these issues are not properly before the Court, and the claims will not be addressed. *See United States v. Armstrong*, 951 F.2d 628, 630 (5th Cir. 1992); *Paup v. State*, 2017 WL 1129906 (E.D. Tex. 2017). Additionally, even if Petitioner were permitted to amend his petition, the claims would be barred by the applicable one-year statute of limitations.

To the extent such claims may have been properly raised and rejected by the state court, the Court has determined the claims are without merit. Additionally, Petitioner fails to show either that the state court adjudication was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States or that the state court adjudication resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Accordingly, Petitioner's objections should be overruled. It is therefore

**ORDERED** that the petition for a writ of habeas corpus is **DENIED** and the case is **DISMISSED** with prejudice. A certificate of appealability is **DENIED**. It is further

**ORDERED** that all other motions not previously ruled on are hereby **DENIED**.
 **SIGNED this 29th day of December, 2017.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE